# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT N. MUELLER, | |
| Plaintiff, | CIVIL ACTION NO. 3:09-CV-1880 |
| v. | (Judge Caputo) |
| CENTRE COUNTY, et al., | (Magistrate Judge Blewitt) |
| Defendants. | |

## MEMORANDUM ORDER

Presently before the Court is a Report and Recommendation ("R&R") by Magistrate Judge Blewitt recommending that this case be dismissed without prejudice on the basis of Plaintiff Robert Mueller's ("Mueller") failure to prosecute this action. On February 1, 2010, by Memorandum and Order (Doc. 21) this Court ordered that Mueller's filling of December 30, 2009, (Doc. 19) should be construed as a motion to amend his complaint. Upon return to the Magistrate Judge, the motion to amend was granted and Mueller was ordered to file an amended complaint on or before February 17, 2010. (Doc. 22.) When Mueller failed to do so, the Magistrate Judge filed the present R&R on March 3, 2010, recommending dismissal for failure to prosecute. (Doc. 24.) Mueller filed objections to this R&R on March 12, 2010, arguing that he misunderstood this Court's prior order and thought that his filing was an amended complaint. (Doc. 26.) In light of this objection, this Court issued a Memorandum and Order on April 1, 2010, ordering Mueller to file an amended complaint on or before April 22, 2010. (Doc. 29.) This deadline has also passed without Mueller filling an amended complaint or otherwise communicating with this Court. Because more than a month has passed since the date of this Court's order to respond and in light of the analysis below I will dismiss this case without a merits analysis.

The Third Circuit Court of Appeals has applied the six-part test enunciated in *Poulis v. State Farm & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984) when reviewing an order which deprives a party of the right to proceed with or defend a claim without merits analysis. The six factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis*, 747 F.2d at 868.

As to the first factor, any failure to comply with this Court's orders was the fault of Mueller, as he is representing himself *pro se*, leaning in favor of dismissal without a merits analysis. The second factor, prejudice to the opposing parties, also leans in favor of dismissal of the action. Mueller's failure to file an amended complaint fails to provide defendants the opportunity to move for dismissal or to file an answer. Because prejudice need not be "irreparable" to be considered, this factor leans in favor of granting the motion. *Briscoe v. Klaus*, 538 F.3d 252, 259 (3d Cir. 2008). The third factor leans in favor of dismissing the action without a merits analysis. Mueller has now failed to file an amended complaint despite the Magistrate Judge's explicit order to do so (Doc. 22), the R&R recommending dismissal for failure to do so (Doc. 24), and this Court's explicit order to do so (Doc. 29). The fourth factor is neutral, as there is no evidence presently on the record as to why the Plaintiff has failed to respond. The fifth factor also leans in favor of dismissal, because other than dismissal there are limited sanctions available against a *pro se* plaintiff.

2

The sixth factor, the meritoriousness of the claim or defense, weighs in slightly in favor of providing a merits analysis. While the prior R&R recommended dismissal in part (Doc. 13), at least some portion of Mueller's claims were sufficient to survive a motion to dismiss.

In balancing the *Poulis* factors, there is no "magic formula" or "mechanical calculation" to determine how they are considered. *Briscoe*, 538 F.3d at 263. Instead, it is within the District Court's discretion to balance these factors. *Id.* Factors one, two, three, and five lean towards dismissing the action without a merits analysis. Factor six leans in favor of first providing a merits analysis. The fourth factor does not lean either way. In light of the Plaintiff's repeated failure to file an amended complaint despite multiple orders over more than three (3) months and in light of the inability of this action to proceed without a clear complaint existing on the record, I find that these factors weigh in favor of dismissing this action without a merits analysis. The R&R will be adopted, and the case will be marked as closed.

**NOW**, this  24th  day of May, 2010, **IT IS HEREBY ORDERED** that:

(1) Magistrate Judge Blewitt's Report and Recommendation (Doc. 24) is **ADOPTED**.

(2) Plaintiff Robert Mueller's Complaint (Doc. 1) is **DISMISSED** without prejudice.

(3) Plaintiff's Motion for Subpoena (Doc. 25) is **DENIED AS MOOT**.

(4) The Clerk of Court is directed to mark this case as **CLOSED**.

    /s/ A. Richard Caputo  
A. Richard Caputo  
United States District Judge